IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marlon Tyrone Bannister, | ) CIVIL ACTION NO. 2:15-0785-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Summerville Police Department, | ) |
| Dorchester County Detention Center, | ) |
| Bruce Owens, and Terry Vandoran | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff alleges violations of his constitutional rights by the named Defendants.

On May 21, 2015, a Proper Form Order was mailed to Plaintiff.  However, Plaintiff's

copy of the Court's Order was returned to the Clerk of Court on June 8, 2015, with the envelope

being marked  "Return to sender, not here".

The Court notes that when Plaintiff filed this action, he was specifically instructed

as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your
> address changes for any reason, so as to assure that orders or other matters that
> specify deadlines for you to meet will be received by you.  If as a result of your
> failure to comply with this order, you fail to meet a deadline set by this Court, your
> case may be dismissed for violating this order.  Therefore, if you have a change of
> address before this case has ended, you must comply with this order by immediately
> advising the Clerk of Court in writing of such change of address....**Your failure to
> do so will not be excused by the Court.** (emphasis added)

See Order filed April 2, 2015.



Plaintiff has failed to comply with this Order, and as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Plaintiff in the Court's Order of April 2, 2015, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 19, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

